IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCE WILLIAM RAZO, A4015368, ) | Civ. No. 09-00462 SOM/KSC | |
| ) | | |
| Petitioner, ) | | |
| ) | ORDER DENYING "MOTION TO | |
| vs. ) | AMEND JUDGMENT UNDER RULE 59 | |
| ) | OF THE FEDERAL RULES OF CIVIL | |
| T. THOMAS, ) | PROCEDURE" | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

ORDER DENYING "MOTION TO AMEND JUDGMENT UNDER RULE 59 OF THE
FEDERAL RULES OF CIVIL PROCEDURE"

I.      INTRODUCTION.

On March 23, 2004, Petitioner Vince William Razo was
convicted of drug-related offenses in the Hawaii state-court
system.  In relevant part, Razo was convicted of Promoting a
Dangerous Drug in the Second Degree in violation of Hawaii
Revised Statutes section 712-1242(1)(b)(1) (Count 1) and of
Attempted Promoting of a Dangerous Drug in the First Degree in
violation of Hawaii Revised Statutes sections 705-500 **(criminal
attempt)** and 712-1241(1)(b)(ii)(A) (Count 4).

At the time of his conviction, section 712-
1242(1)(b)(1) provided:

> (1) A person commits the offense of promoting
> a dangerous drug in the second degree if the
> person knowingly:
>
> . . .
>
>       (b) Possesses one or more preparations,
> compounds, mixtures, or substances of an
> aggregate weight of:

(i) One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers.

Haw. Rev. Stat. § 712-1242(1)(b)(1) (Michie 2003).

At the time of his conviction, section 712-1241(1)(b)(ii)(A) provided:

(1) A person commits the offense of promoting a dangerous drug in the first degree if the person knowingly:

. . .

(b) Distributes:

. . .

(ii) One or more preparations, compounds, mixtures, or substances of an aggregate weight of:

(A) One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers.

Haw. Rev. Stat. § 712-1241(1)(b)(ii)(A) (Michie 2003).

On October 1, 2009, Razo filed a petition under 28 U.S.C. § 2254.

On February 10, 2010, Magistrate Judge Kevin S.C. Chang filed his Findings and Recommendation to Deny Petition ("F&R"). This F&R carefully and thoughtfully detailed the facts and law pertaining to Razo's § 2254 petition.

2

Razo did not timely object to the F&R, and, on March 12, 2010, this court adopted the F&R.  Judgment against Razo was issued that same day.

On March 29, 2010, the court received Razo's request for an extension of time, which the court deemed to be an untimely attempt to object to the F&R.  The court did not vacate the judgment, but, recognizing that Razo is an incarcerated individual proceeding pro se, invited Razo to file a motion under Rule 59 of the Federal Rules of Civil Procedure.  The court informed Razo that, in evaluating any such motion, the court would apply the standard that would have been used had Razo timely filed objections to the F&R.  See Minute Order (March 31, 2010) (Docket No. 32).

On April 12, 2010, the court received Razo's Motion to Amend Judgment Under Rule 59 of the Federal Rules of Civil Procedure.  See Docket No. 33.  Razo objects to the F&R's determination that sufficient evidence supported his convictions based on his possession of a mixture or substance containing an aggregate weight of one-eighth ounce or more of methamphetamine, its salts, isomers, and salts of isomers.  After de novo review of the sufficiency of the evidence supporting his convictions, and after reviewing for clear error the remainder of the F&R, the court denies Razo's Rule 59 motion.

3

II.       STANDARD OF REVIEW.

        Razo requests relief under the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  The

AEDPA imposes a "highly deferential standard for evaluating

state-court rulings."  Lindh v. Murphy, 521 U.S. 320, 334 (1997);

Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Under

§ 2254(d):

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be
> granted with respect to any claim that was
> adjudicated on the merits in State court
> proceedings unless the adjudication of the
> claim--
>
> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

        On February 10, 2010, Magistrate Judge Chang issued his

F&R.  This court told Razo that it would review any objections he

had under the normal F&R procedure.  That is, this court reviews

de novo those portions of the F&R to which objection is made and

may accept, reject, or modify, in whole or in part, the F&R made

by the Magistrate Judge.  The court may also receive further

evidence on the matter or recommit it to the Magistrate Judge

4

with instructions.  The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; <u>Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd.</u>, 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), <u>aff'd</u>, 389 F.3d 880 (9th Cir. 2004); <u>Abordo v. State of Hawaii</u>, 902 F. Supp. 1220 (D. Haw. 1995); <u>see also</u> <u>Campbell v. United States Dist. Court</u>, 501 F.2d 196, 206 (9th Cir. 1974).

II.      <u>BACKGROUND FACTS.</u>

        The court adopts and incorporates the facts set forth in the well-reasoned and thorough F&R.  As described in detail in the F&R, Razo was convicted of drug-related offenses arising out of drugs found by Maui Police Department officers in his apartment.

        At trial, Officer Randy Esperanza testified that, on August 15, 2002, he found drugs in Razo's apartment.  <u>See</u> Transcript of Proceedings at 43, 52-54 (March 22, 2004) (Ex. M).

        Criminologist Julie Wood testified at trial that she had a properly calibrated scale that was certified as accurate before and after she weighed the methamphetamine belonging to Razo.  The certification of the scale was also introduced into

evidence. <u>See</u> Transcript of Proceedings at 45-49 (March 15, 2004) (Ex. L). Woods testified that the methamphetamine weighed 25.956 grams. <u>Id.</u> at 51. Woods testified that one-eighth of an ounce equals 3.54 grams. <u>Id.</u> Woods performed tests to determine that the substance she weighed was in fact methamphetamine. <u>Id.</u> at 52-54.

Razo admitted at trial that he had more than an eighth of an ounce of methamphetamine. <u>See</u> Transcript of Proceedings at 92-92 (March 22, 2004) (Ex. N) ("Q: . . . you're charged in count one with promoting a dangerous drug in second degree, for having over an eighth of ounce of methamphetamine. You're agreeing that's true, you had that quantity? A: Yes, I had that quantity.").

III.    <u>ANALYSIS.</u>

Razo's only objects to the F&R's conclusion that sufficient evidence supported the jury's determination that he possessed more than one-eighth of an ounce of a mixture or substance containing methamphetamine. After <u>de novo</u> review of the record regarding whether the substance found at Razo's home was methamphetamine weighing more than one-eighth of an ounce, the court determines that it properly adopted the F&R, to the extent the F&R determined that sufficient evidence supported his convictions based on possessing more than one-eighth of an ounce of a mixture or substance containing methamphetamine. Not only

did Woods, a criminologist, testify that, based on her tests, the substance was methamphetamine weighing 25.956 grams, but Razo admitted at trial that he possessed more than one-eighth of an ounce of methamphetamine.  This testimony was sufficient to support his conviction.

Razo did not object to the other determinations made in the F&R.  Having reviewed the remainder of the thorough and well-reasoned F&R for clear error, the court determines that adoption of the remainder of the F&R was proper.

IV.      <u>CONCLUSION.</u>

For the foregoing reasons, the court determines that it properly adopted the F&R and denied Razo's § 2254 Petition.  The court therefore denies Razo's "Motion to Amend Judgment under Rule 59 of the Federal Rules of Civil Procedure" (Docket No. 33).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 18, 2010.



  /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>Razo v. Thomas</u>, Civ. No. 09-00462 SOM/KSC; ORDER DENYING "MOTION TO AMEND JUDGMENT UNDER RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE"